UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SANAT V. SANGHANI, MD, LLC | CIVIL ACTION NO. 12-0631   d |
| VERSUS | |
| AETNA HEALTH INSURANCE COMPANY | DISTRICT JUDGE TRIMBLE<br>MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

    This Employees Retirement Income Security Act ("ERISA") case, 29 U.S.C.1001 et seq., is referred to me by the district judge for Report and Recommendation. The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order [Doc. #6].

**Standard of Review**

    In accordance with this court's standing ERISA Case Order, the parties agree that the health insurance Plan administered by defendant is an employee welfare benefit plan, as defined by the provisions of ERISA, and that this case is governed by ERISA and that all state law claims are preempted. The parties also agree that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plan and to make findings of fact and determine eligibility for benefits. Both Claimant and Defendant agree that the administrative record is complete.

**Facts**

The insured, Sandra Daily, was covered under a self-funded plan provided by her employer, Sterling Jewelers, Inc., and administered by Aetna. Daily sought treatment with plaintiff, Dr. Sanghani, a radiation oncologist, in Alexandria. Sanghani was a member provider in Three Rivers Provider Network (TRPN) whereby he had contracted, along with other physicians, to bill the network at lower rates than he would ordinarily bill. Aetna in turn contracted with TRPN to "rent" the TRPN network agreement and agreed to pay a fee to TRPN. Whether the member providers, including Dr. Sanghani, ever expressed consent to this arrangement does not appear in the record. The TRPN doctors were available to insureds such as Ms. Daily through Aetna's "National Advantage Program" and an addendum to that effect is made a part of the Sterling Jewelers agreement.

In his agreement with TRPN, Sanghani agreed to charge for his services at the rate of 75% of his usual charge. When he billed Aetna, however, he only received 50% of the 75% as he was considered by Aetna to be an "out of network" medical provider. That, of course, left Ms. Daily owing the doctor the other 50% of the 75%. In other words, although the doctor agreed with TRPN to reduce his fees to 75%, from the doctor's standpoint, he received no benefit from Aetna's renting of the TRPN agreement and instead of receiving 50% of 100% of his fee, received 50% of 75% of his fee.

In addition, some of the bills submitted by Dr. Sanghani were duplicates and for some, additional information was requested of him by Aetna and some were denied as being for treatments

that were in excess of those allowed during a two-week period under Aetna's "payment policy"[1].

Dr. Sanghani was assigned Daily's rights to any additional benefits and seeks those additional payments he claims are due under Daily's Plan.

## **Analysis**

Plaintiff argues that Aetna held Dr. Sanghani out to be an "in network" provider and received the benefit of a lower rate for his services, but then, when it was time to pay him, treated him as an "out of network provider" to the detriment of the doctor and the insured.

Defendant, Aetna, makes two arguments: first, that Sanghani and Daily failed to timely exhaust administrative remedies, and, second, that Aetna did not abuse its discretion in determining benefits based on Sanghani having been an "out of network" provider. While mentioned only in passing, defendant also makes a third argument: that Sanghani, as assignee of Daily's benefits, did not exhaust administrative remedies by appealing and that, in fact, he failed to provide Aetna with information necessary for it to make a determination as to some of the claims.

### Exhaustion of administrative remedies

Exhaustion of available administrative remedies is a prerequisite to an ERISA action in federal court. See Bourgeois v. Pension Plan, 215 F.3d 475 (5th C. 2000).

While even a letter may serve as an appeal, see Swanson v. Hearst Corp., 586 Fed.3d 1016, (5th C. 2009), here counsel's letter did not express an intention to appeal, but only contained a demand. The letter contained no facts, no argument and no evidence on which an appeal could be considered.

---

[1] Whether Aetna should have been using its payment policy or TRPN's, to which the doctor had agreed, is a question for another day.

And although, where an appeal would be futile such is not required, Bourgeois, Id., here there is no evidence in the record that an appeal would be futile. The same arguments persuaviely made here by Dr. Sanghani could be made to the Administrator.

### Abuse of discretion

Because the administrative remedies were not complied with this court has no jurisdiction to hear the appeal and defendant's second argument, therefore, need not be addressed at this time..

### **Conclusion**

Because the prerequisite to filing suit, exhaustion of administrative remedies, was not complied with, this court may not consider plaintiff's appeal. Therefore,

IT IS RECOMMENDED that plaintiff's appeal be DENIED and the case dismissed.

### **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.  **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON**

**APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 19th day of September, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE